No. 11,126.

PIERRE MENGELLE & CO. VS MRS. PHILIP ABADIE.

It appearing upon the trial of a motion to dissolve an injunction obtained by a
lessee against the lessor to prevent dispossession of leased premises that the
latter had previously obtained a judgment evicting the lessee as contumacious,
it will be dissolved.

To maintain an injunction, under such state of facts, would be to perpetrate a
fraud on the law.

APPEAL from the Civil District Court for the Parish of Orleans.
Théard, J.

Plaintiffs and Appellants unrepresented.

*John Bassich* for Defendant and Appellee.

The opinion of the court was delivered by

WATKINS, J.   This appeal is prosecuted on the part of the plain-
tiffs from a judgment dissolving an injunction they had obtained
upon the following allegations, viz.:

" That said firm are occupants of premises corner Toulouse and
Bourbon streets, owned by Mrs. P. Abadie (appellee), and that she
verbally leased said premises to them for two consecutive years,
commencing November 1, 1890; that by a verbal agreement between
the said firm and Mrs. Abadie she consented to lease, and did lease
to them, said premises for one additional year, commencing Novem-
ber 1, 1892, upon the same terms, $300 per annum.   That in violation
of said contracts of lease the said Mrs. P. Abadie, lessor, leased said
premises for the time covered in whole or in part by aforesaid con-
tracts to Geo. P. P. David and others, unknown to petitioners, and
in order to carry out said contracts ' *both said parties is attempting to
oust petitioners from possession of said premises,*' *and unless restrained*
and enjoined from so doing will so oust and eject them from said
possession and praying for a writ of injunction."

Thereupon the defendant, Mrs. Abadie, took a rule on the plain-
tiffs to show cause why said writ of injunction should not be dissolved
on the following grounds, to-wit:

"1. The petition for injunction alleges no cause of action and is
insufficient, and does not allege facts, showing either the intention

or the attempt by mover to oust or eject plaintiffs from premises corner of Toulouse and Bourbon streets. The allegations that 'defendant had rented said premises to Geo. P. P. David and others,' and ' that the defendant is attempting to oust your petitioners from the possession of said premises and will, unless restrained by order from this honorable court, eject them from said possession ' are not sufficient allegations to base an injunction upon in the absence of allegations of fact, showing an actual attempt by defendant to oust plaintiffs.

" 2. In addition to petition disclosing no facts the affidavit is equally insufficient, null and void, as no facts are sworn to in said affidavit.

" 3. The injunction improvidently and illegally issued, because the facts of this case were studiously concealed or misrepresented by plaintiffs to the honorable judge granting the injunction, especially the fact that Mrs. Philip Abadie had obtained a judgment against said plaintiffs, P. Mengelle & Co., in Proceeding No. 16,666 of the Second City Court, parish of Orleans, on September 12, 1892, which judgment unconditionally condemns plaintiffs to surrender at once said premises corner of Bourbon and Toulouse streets; that plaintiffs in this suit, then defendant in said suit, failed to file a special defence supported by oath, and otherwise comply with the conditions set forth in Sec. 2157 of the Revised Statutes, and were thus deprived by their own inability and fault to make the proper affidavit, of the right to suspend the judgment of said City Court; that said judgment now is, and was before issuance of the writ of injunction, definitive, final, executory, and has the force of the thing adjudged; that the granting of this injunction, or perpetuating of same, has the effect of arresting the execution of a judgment executory and perfect in form on grounds and defences plaintiffs could have set up and did set up availingly in said suit No. 16,666, and this attempt by way of injunction to again open the issues determined adversely to plaintiffs in injunction, and to obtain a suspensive appeal from this honorable court by injunction, not vested with original jurisdiction of the matter, is clearly unwarranted in law."

Not only does the record disclose the existence of the judgment of court condemning defendants therein—plaintiffs here—to at once surrender the leased premises in controversy, but it discloses that the defendants had wholly failed to make any special defence supported by oath, as the law requires, entitling them to suspensively appeal therefrom. Hence, that judgment thus becoming exigible,

the granting an injunction against the defendant, Mrs. Abadie, generally, from any attempt to oust plaintiffs, Mengelle & Co., from the premises, was equivalent to giving them the benefit of a suspensive appeal to which they were not entitled; or, in other words, to practise a fraud on the law.

The mere statement of the foregoing proposition carries with it its own answer. The judge *a quo* evidently granted the injunction under a misapprehension of fact as to the existence of the judgment of the Second City Court of New Orleans evicting plaintiffs from the leased premises as contumacious tenants.

"The power to issue the writ implies the power to dissolve it," says the district judge, and in thus speaking he announced a correct proposition of law.

The complaint made by appellants' counsel of the trial of the *motion* to dissolve by judge of Division E, whereas the *cause* had been previously allotted to the judge of Division A, is of no consequence, because the judge of Division A was absent on leave, and it was undoubtedly competent for the judge of another division of the court to act in his place.

It is worthy of note that the appellants have not appeared in this court by counsel or by brief.

The judgment appealed from is unquestionably correct, and is therefore affirmed.